UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JUAN ISAAC PENA-ARGUMEDO,<br>Defendant. | Case No. 2:26-cr-00254-AKB<br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is the Government's Motion to Dismiss (Dkt. 20). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented, and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(e)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").[1] For the following reasons, the Court grants the motion without prejudice.

## I. BACKGROUND

On September 15, 2026, Defendant was indicted by a federal grand jury for being a Deported Alien Found in the United States in violation of 8 U.S.C. § 1326(a) and (b) (Dkt. 2). The Government moved to detain, and the Magistrate Court set the matter for a detention hearing

[1] While this case is a criminal case, the local civil rule regarding hearings applies because there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f*); see United States v. Rush*, No. 22-cr-00045-DCN, 2024 WL 2245574, at *1 n.1 (D. Idaho May 16, 2024) (citing local rules as basis for declining to hold hearing on pending criminal motion).

(Dkt. 8). At the detention hearing, Defendant raised serious concerns about whether he had received proper notice of the 2018 immigration hearing that resulted in his removal order (Dkt. 24 at 3). The Magistrate Judge subsequently ordered Defendant released on bond pending trial under the Bail Reform Act (BRA) (Dkt. 17 at 1; Dkt. 18).

After the hearing, the Department of Homeland Security placed an administrative immigration detainer on Defendant and transferred him into U.S. Immigration and Customs Enforcement (ICE) custody (Dkt. 24 at 3; Dkt. 23 at 4 n.8). He was subsequently transported to the Tacoma Northwest ICE Processing Center so he could appear before the immigration court (Dkt. 24 at 3). Defendant retained immigration counsel to challenge the prior removal order through the immigration proceedings, and a stay of removal was subsequently entered (Dkt. 24 at 3).

In light of the ongoing immigration proceedings and the uncertainty surrounding the validity of the prior removal order, the Government moved to dismiss the indictment without prejudice (Dkt. 20; Dkt. 24 at 3). According to the Government, if the removal order is vacated because Defendant did not receive proper notice of the underlying hearing, the Government would be unable to prosecute him under 8 U.S.C. § 1326 based on that order (Dkt. 24 at 3).

## II. LEGAL STANDARD

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "the government may, with leave of court, dismiss an indictment, information, or complaint." Rule 48 was promulgated in response to concerns that prosecutors were abusing their unfettered discretion to dismiss indictments at common law. *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988). Thus, this rule "provide[s] a check on prosecutorial behavior." *Id.* However, this rule "was not enacted for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate

a pending prosecution." *Id.* For that reason, district courts have limited discretion to deny Rule 48(a) motions. *See United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988). Indeed, "[s]eparation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative." *United States v. Gonzalez*, 58 F.3d 459, 462 (9th Cir. 1995).

A district court may deny a Rule 48(a) motion only if the motion is "prompted by considerations clearly contrary to the public interest, or if the dismissal would contribute to prosecutorial harassment by subjecting a defendant to 'charging, dismissing, and recharging.'" *Wallace*, 848 F.2d at 1468 (citation modified) (quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)). "A fundamental consideration in assessing the propriety of a prosecutor's Rule 48(a) dismissal motion is whether the motion is made in good faith." *Hayden*, 860 F.2d at 1487 (citation modified) (quoting *Wallace*, 848 F.2d at 1468); *see also United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982) ("The key factor in a determination of prosecutorial harassment is the propriety or impropriety of the Government's efforts to terminate the prosecution—the good faith or lack of good faith of the Government in moving to dismiss.").

"If the district court finds that the prosecutor is acting in good faith in making its Rule 48(a) motion, it should grant the motion; conversely, Rule 48(a) empowers the district court to exercise its discretion in denying the motion when it *specifically determines* that the government is operating in bad faith." *Hayden*, 860 F.2d at 1487 (emphasis added). If the government is acting in good faith, courts are "duty bound to honor" the government's request for dismissal without prejudice. *See id.* at 1488. And in seeking dismissal under Rule 48(a), the Government is entitled to a "presumption of good faith." *United States v. Welborn*, 849 F.2d 980, 983–84 (5th Cir. 1988);

*see also United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1007 (9th Cir. 2000) ("[T]he presumption of regularity supports . . . prosecutorial decisions.") (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)).

Further, a district court may order the dismissal of an indictment with prejudice, even when there has been no request by the government, based on "one of two reasons, each with its own standard." *United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir. 2020). First, dismissal with prejudice may be appropriate where the government has engaged in "outrageous" conduct that "amounts to a due process violation." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). Second, under its supervisory powers, a court may dismiss with prejudice—even if "the conduct does not rise to the level of a due process violation"—to (1) "remedy a constitutional or statutory violation," (2) "to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury," or (3) "to deter future illegal conduct." *Id.* "A court may dismiss an indictment under its supervisory powers only when the defendant suffers 'substantial prejudice,' and where 'no lesser remedial action is available.'" *United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008) (citation modified) (quoting *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir. 1988), and *Barrera–Moreno*, 951 F.2d at 1092)). When exercising its supervisory powers, the "most drastic" exercise of judicial power is "dismissal with prejudice, because this prevents the government from retrying the defendants at all." *Bundy*, 968 F.3d at 1031; *see also United States v. Simmons*, 536 F.2d 827, 835 (9th Cir. 1976) ("[D]ismissal with prejudice not arising from a constitutional violation should be exercised with caution and only after a forewarning of the consequences.").

Finally, the Ninth Circuit has recognized that the Court "may craft an appropriate remedy" where the Government "jeopardizes the district court's ability to try" a defendant by "placing [him]

in immigration detention or removing him" from the United States. *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015) (citing *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1176–78 (D. Or. 2012)). Where the Government elects to forego criminal proceedings in favor of removal proceedings, however, dismissal without prejudice is appropriate unless dismissal with prejudice is necessary to redress constitutional or statutory injury. *See Trujillo-Alvarez*, 900 F. Supp. 2d at 1170 ("If the Executive Branch chooses not to release the Defendant and instead decides to abandon criminal prosecution of the pending charge and proceed directly with Defendant's removal and deportation, the law allows the Executive Branch to do that.").

## III. ANALYSIS

The parties agree that this matter should be dismissed, but dispute whether it should be dismissed with or without prejudice. Defendant argues dismissal should be with prejudice because the Government's decision to transfer Defendant into ICE custody, notwithstanding the Magistrate Court's release order, has "undermined the protections afforded by the Bail Reform Act and substantially interfered with his Sixth Amendment rights" (Dkt. 23 at 2). The Government replies that dismissal must be without prejudice pursuant to Rule 48(a) because Defendant's constitutional and statutory rights were not violated by his lawful administrative detention, which did not constitute bad faith (Dkt. 24 at 4).

The Court agrees with the Government that dismissal should be without prejudice. Defendant has not shown that the Government acted in bad faith in moving to dismiss the indictment without prejudice. Defendant does not allege that the Government, in seeking dismissal of the indictment, sought to obtain improper tactical advantage or was motivated by a desire to harass Defendant. To the contrary, the record shows that the Government moved to dismiss less than two weeks after Defendant was taken into ICE custody (Dkt. 20). Moreover, the

Government's decision to detain and remove Defendant during these proceedings does not itself constitute bad faith. *See Trujillo-Alvarez*, 900 F. Supp. 2d at 1170. Accordingly, Defendant has not overcome the presumption of good faith.

Defendant's argument that his deportation interfered with his Sixth Amendment rights and "deprived [him] of a meaningful opportunity to consult with counsel and participate in preparing his defense" for trial is unpersuasive (Dkt. 23 at 2). The Sixth Amendment right to counsel only applies at "critical stages" of the criminal process. *Iowa v. Tovar*, 541 U.S. 77, 80–81 (2004). Defendant has not shown that he was denied counsel at any critical stage of these proceedings. The record reflects that he was represented by a Federal Defender at his initial appearance and bond hearing (Dkt. 8 at 1; Dkt. 17 at 1). On October 6, 2026—within thirteen days of the detention hearing—the Government moved to dismiss the indictment without prejudice (Dkt. 20). The following day, defense counsel notified the Court via email that Defendant did not oppose the dismissal but intended to respond and argue that the dismissal be with prejudice. In her response, defense counsel attests that she has been unable to arrange a meeting with Defendant since October 7 to prepare for trial. Defendant fails to explain, however, why his inability to meet with counsel to prepare for trial after the Government moved to dismiss the indictment—and after defense counsel confirmed that he did not oppose dismissal—demonstrates that his deportation interfered with his Sixth Amendment rights.

Furthermore, the cases Defendant cites in support of dismissal with prejudice are distinguishable. In all of them, the government decided to remove the defendant from the United States, while simultaneously maintaining criminal proceedings against the defendant. *See United States v. Rangel*, 318 F. Supp. 3d 1212, 1214 (E.D. Wash. 2018) (noting "[a]lthough ICE elected to pursue immigration proceedings, the USAO did not dismiss the criminal indictment"). In those

cases, the district courts dismissed the indictment pursuant to its inherent supervisory powers after finding that the government's conduct violated the defendants' statutory and constitutional rights because the defendants' removal impaired their ability to communicate with counsel and obtain a speedy trial. *See, e.g.*, *United States v. Parias*, 814 F. Supp. 3d 1096, 1116–17 (C.D. Cal. 2025); *Trujillo-Alvarez*, 900 F. Supp. 2d at 1180.

Accordingly, the Court grants the Government's motion to dismiss the indictment without prejudice.

## IV. ORDER

**IT IS ORDERED that:**

1. Government's Motion to Dismiss (Dkt. 20) is **GRANTED**. The Indictment (Dkt. 2) is **DISMISSED WITHOUT PREJUDICE**.

DATED: October 23, 2026

Amanda K. Brailsford
U.S. District Court Judge